UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:18-cr-00052-TLS-SLC |
| ) | |
| TYSHON L. POWELL ) | |

**FINDINGS AND RECOMMENDATION**
**OF THE MAGISTRATE JUDGE**
**UPON A PLEA OF GUILTY**

TO:   THE HONORABLE THERESA L. SPRINGMANN, CHIEF JUDGE,
      UNITED STATES DISTRICT COURT

Upon Defendant's request to enter a plea of guilty pursuant to Rule 11 of the Federal Rules of Criminal Procedure, this matter came on for hearing before U.S. Magistrate Judge Susan Collins, on January 15, 2019, with the written consents of Defendant, counsel for Defendant, and counsel for the United States of America.

The hearing on Defendant's plea of guilty was in full compliance with Rule 11, Federal Rules of Criminal Procedure, before the Magistrate Judge in open court and on the record.

In consideration of that hearing and the statements made by Defendant under oath on the record and in the presence of counsel, the remarks of the Assistant United States Attorney and of counsel for Defendant,

I FIND as follows:

(1) that Defendant understands the nature of the charges against him to which the plea is offered;

(2) that Defendant understands his right to trial by jury, to persist in his plea of not guilty, to the assistance of counsel at trial, to confront and cross-examine adverse witnesses, and his right against compelled self-incrimination;

(3) that Defendant understands what the maximum possible sentence is, including the effect of the supervised release term, and Defendant understands that the Sentencing Guidelines apply and that the Court may depart from those guidelines under some circumstances;[1]

(4) that the plea of guilty by Defendant has been knowingly and voluntarily made and is not the result of force or threats or of promises apart from the plea agreement between the parties;

(5) that Defendant is competent to plead guilty;

(6) that Defendant understands that his answers may later be used against him in a prosecution for perjury or false statement;

(7) that there is a factual basis for Defendant's plea; and further,

I RECOMMEND that the Court accept Defendant's plea of guilty and that Defendant be adjudged guilty of the offenses charged in Counts 3 and 4 of the five-count Indictment, and have sentence imposed. A Presentence Report has been ordered. Should this Findings and Recommendation be accepted and Defendant adjudged guilty, sentencing will be scheduled before Chief Judge Theresa L. Springmann by separate order and notice. Objections to the Findings and Recommendation are waived unless filed and served within fourteen (14) days. 28 U.S.C. § 636(b)(1)(B).

DATED this 15th day of January 2019.

---

[1] At the hearing, the Assistant United States Attorney made an oral motion to amend the written Plea Agreement filed with this Court on December 19, 2018 (DE 39), due to the passing of the First Step Act in late December 2018. The Assistant United States Attorney stated that the First Step Act changed the maximum possible penalties for Count 3 listed in paragraph 8(b) on page 4 of the Plea Agreement, as Defendant is no longer eligible for the 851 enhancement under the current law because he does not have a serious drug felony. The maximum possible penalties as to Count 3 are now: imprisonment of not more than 5 years, a fine of not more than $250,000, or both such fine and imprisonment, a supervised release term of at least 2 years, forfeiture of any items later specified in a bill of particulars, plus a $100 special assessment. Defendant had no objection to the motion, as the amendment benefits Defendant. The Court then granted the Government's motion to amend the written Plea Agreement.

2

/s/ Susan Collins
Susan Collins
United States Magistrate Judge