UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:18-CR-52-HAB |
| ) | |
| TYSHON L. POWELL ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant's letter (ECF No. 68) requesting compassionate release. Defendant's letter was referred to the Federal Community Defender to consider representing Defendant. (ECF No. 70). The FCD declined. (ECF No. 71). The Government has filed its Response (ECF No. 75) and Defendant has filed a Supplemental Brief (ECF No. 81) in support of his request. The Government has further filed a letter with the Court (ECF No. 82) advising the Court of a "change in controlling law." The matter is now ripe for review.

**A.     Defendant's Conviction**

Defendant was indicted on May 23, 2018, on five counts alleging various gun and drug crimes. The indictment followed an extensive investigation by the Fort Wayne Safe Streets Gang Task Force that identified Defendant as a supplier of significant amounts of marijuana to numerous drug dealers. When a search warrant was served at Defendant's home, law enforcement officers found approximately forty pounds of marijuana, plastic bags, scales, and a loaded handgun.

Defendant pleaded guilty to possession with intent to distribute marijuana and possession of a firearm in furtherance of a drug trafficking crime. He was sentenced to a term of sixty-eight months' imprisonment with two years of supervised release to follow. Defendant is incarcerated in FCI Gilmer, with an anticipated release date of March 31, 2023.

B.  **Legal Discussion**

1.  *Extraordinary and Compelling Reasons*

Defendant's Motion requests a sentencing modification. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which permits the court to reduce a sentence based on a retroactively applicable amendment to the sentencing guidelines that lowers the defendant's guideline range. 18 U.S.C. § 3582(c)(2). Another allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A).

Defendants request is one for compassionate release pursuant to § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

(1) in any case --

   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—

   (i) extraordinary and compelling reasons warrant such a reduction …

   … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because the Defendant, not the Director of the BOP, filed the motion, the Government asserts that the Defendant must first demonstrate that he meets the statutory exhaustion requirement to proceed further. Here, Defendant asserted in his supplemental brief that he exhausted his remedies, but the Court has no evidence in support of that claim. "Two questions are presented by this issue, namely whether the exhaustion requirement is jurisdictional and

2

whether, if not jurisdictional, the exhaustion requirement is waivable over the government's objection." *United States v. Council*, No. 1:14-CR-14-5-TLS-SLC, 2020 WL 3097461, at *4 (N.D. Ind. June 11, 2020).

This Court has previously held that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, *see United States v. Hayden*, No. 1:07-CR-68-HAB, 2020 WL 2079293, at *1 (N.D. Ind. Apr. 30, 2020), relying on the Seventh Circuit's decision in *United States v. Taylor*, 778 F.3d 667, 670 (7th Cir. 2015); *United States v. Santiago*, No. 2:16-CR-174-JVB-JEM, 2020 WL 3396899, at *2 (N.D. Ind. June 19, 2020) ("Because Congress did not mark the exhaustion requirement as jurisdictional, the Court finds that it is non-jurisdictional."); *United States v. Cox*, No. 4:18-cr-17-TWP-VTW-1, 2020 WL 1923220, at *3 (S.D. Ind. Apr. 21, 2020). The Seventh Circuit has recently weighed in on the issue, confirming this Court's approach. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Thus, the Defendant's motion is properly adjudicated in this Court regardless of whether he has or has not completed the statutory exhaustion process.

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, have not been amended to reflect the First Step Act's change to § 3582(c)(1)(A) allowing prisoners to bring compassionate release claims directly before the court. *Gunn*, supra. Accordingly, "§ 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release." *United States v. Hoskins*, No. 2:99 CR 117,

2020 WL 7640408, at *2 (N.D. Ind. Dec. 23, 2020) (citing *Gunn*, 938 F.3d at 1180). Indeed, "[d]istrict judges must operate under the statutory criteria–'extraordinary and compelling reasons'–subject to deferential appellate review." *Gunn,* 980 F.3d at 1181.

Using the guidance of §1B1.13 to inform the statutory criteria, the court considers the medical condition of the defendant, his age, his family circumstances, and whether there exists in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes.[1] Second, the Court determines whether the Defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court considers the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Additionally, when the Defendant moves for a reduction based on COVID-19, Courts have also considered: (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, and (3) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *See Council*, 2020 WL 3097461, at *5–7; *United States v. Barrett*, No. 2:17-CR-1, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, No. 2:19-CR-74-3, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for

---

[1] However, as *Gunn* made clear, the policy statement's requirement that the court consider whether the reduction is otherwise "consistent with this policy statement" does not limit a district judge's discretion. This is because the statute by which the district court is bound requires a reduction to be consistent with "applicable policy statements." And, the Sentencing Commission has not yet issued a policy statement "applicable" to the Defendant's request. Thus, *Gunn* held, "[a]ny decision is 'consistent with' a nonexistent policy statement." *Gunn*, 980 F.3d at 1180. !

4

specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *See Council*, 2020 WL 3097461, at *5; *United States v. Melgarejo*, 2020 WL 2395982, at *3 (C.D.Ill. May 12, 2020).

In this case, Defendant identifies his history of asthma as the sole medical condition that would support his request for compassionate release. The parties agree that Defendant's asthma might put him at a higher risk for severe illness should he contract COVID-19. *See* CDC, People Who Are at Increased Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html. However, there is no evidence that Defendant has suffered any adverse effects from his asthma. And while Defendant suggests that his condition is worsening, the medical records do not bear this out. Instead, it appears that he has been on a relatively consistent medication regimen since being transferred to the DOC. In addition, he has done little to protect himself from the potential consequences of his asthma: he has refused inoculations for the flu and pneumonia and failed to appear for his last visit to evaluate his asthma. The Court finds no reason to believe that the asthma diagnosis, on its own, is enough to support compassionate release.

Defendant further seeks release on the grounds that his girlfriend has been left to support their child while Defendant is imprisoned. As the Government notes, only certain, specific family circumstances can support compassionate release. *See* U.S.S.G. § 1B1.13 n.1(C). Defendant has not identified one of those circumstances. Rather, his girlfriend's plight is the natural consequence of Defendant's choice to commit crimes.

As for his confinement, FCI Gilmer has not been spared from the outbreak. The BOP reports that FCI Gilmer currently has 241 positive cases. https://www.bop.gov/coronavirus/. While this number is high, "the mere presence of COVID-19 in a particular prison cannot justify

compassionate release—if it could, every inmate in that prison could obtain release." *See Melgarejo*, 2020 WL 2395982, at *3. Rather, "a prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *Id.* at 5–6. *See also United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

The Bureau of Prisons continues to take serious and substantial steps to reduce the spread of COVID-19 within its facilities. *See* Federal Bureau of Prisons, COVID-19 Action Plan: Phase Seven (posted on May 20, 2020), https://www.bop.gov/resources/news/20200520_covid-19_phase_seven.jsp; *see also*, BOP COVID-19 Modified Operations Plan, https://www.bop.gov/coronavirus/covid19_status.jsp. The fact that Defendant has not contracted the virus during the nearly year-long pandemic is a testament to the BOP's efforts.

**2.**     *§ 3553(a) Factors*

Finally, the Court finds that the § 3553(a) do not support release. Defendant is congratulated for his exemplary conduct while imprisoned, but rehabilitation is not a ground for compassionate release. 28 U.S.C. § 994(t). Defendant received a sentence that was below the guideline range. This sentence was imposed to reflect the seriousness of the offense, promote respect for the law as well as to afford adequate deterrence and to protect the public from further crimes of the defendant. Having already given the Defendant a lenient sentence, the Court finds that the significant reduction Defendant requests would undermine the foregoing statutory sentencing factors.

**C.     Conclusion**

For the foregoing reasons, Defendant's request for compassionate release (ECF No. 68) is DENIED.

SO ORDERED on January 5, 2021.

                                                  s/ *Holly A. Brady*
                                                  JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT